UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE LOCATED AT 10691 S.W. 58TH STREET, MIAMI, DADE COUNTY, FLORIDA, etc., Defendant.

No. 86–0651–CIV.

United States District Court,
S.D. Florida.

March 10, 1987.

B.B. Allen, Asst. U.S. Atty., Miami, Fla., for U.S.

Juan J. Jimenez, P.A., Coral Gables, Fla., Charles M. Hill, Miami, Fla., for claimant, Jose M. Leal.

Edward Walterman, South Miami, Fla., for claimant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

NESBITT, District Judge.

This cause is before the court upon the Cross Motions for Summary Judgment filed by the parties. This is an action for forfeiture in rem of real property pursuant to 21 U.S.C. § 881(b) and 28 U.S.C. §§ 1355 and 2461. One of the claimants to the Defendant property, ALLEGHENY MUTUAL CASUALTY COMPANY (ALLEGHENY), filed a claim of ownership interest and an answer seeking a determination as to the priority of its claim for the sum of $100,000 together with interest, court costs and legal fees. By an Order of August 20, 1986, the Court granted the United States' motion for partial summary judgment against the other claimant to property, JOSE M. LEAL.

On March 12, 1986, ALLEGHENY posted a surety bond for a criminal defendant, Juan Valdivia and accepted as partial security for that action a mortgage upon the real property at issue here. This property

was owned by Valdivia's co-defendant Amalia Betancourt. Betancourt was convicted of cocaine related offenses wherein the cocaine was seized from the Defendant property. Betancourt had offered the real property to ALLEGHENY as collateral for the posting of the bond for Valdivia after she understood that the property was insufficient collateral for her bond posting. Thereafter on May 16, 1986, ALLEGHENY filed its claim of ownership interest based upon this note and mortgage and now seeks restitution for the losses it incurred as a result of Valdivia having fled the jurisdiction.

In its Motion for Summary Judgment, ALLEGHENY relies on a colloquy at a *Nebbia* * hearing regarding the source of Valdivia's funds for the purpose of setting bail. At the hearing, the Magistrate inquired of the Assistant U.S. Attorney whether or not there was any indication that the Government would seize the Defendant property. The Assistant U.S. Attorney responded that "under the case he has now," there was no indication that the property would be seized. ALLEGHENY asserts as a defense to forfeiture the doctrine of equitable estoppel to maintain its position of an "innocent lienholder" pursuant to 21 U.S.C. § 881(a)(7). This defense arises out of the representation to the Magistrate by the Assistant U.S. Attorney at the *Nebbia* hearing. ALLEGHENY contends that it relied in good faith upon Plaintiff's conduct at the hearing and the Court's acceptance of the representation when it posted the surety bond for the property.

In *Organized Fisherman of Florida v. Hodel,* 775 F.2d 1544 (11th Cir.1985), the Court discussed the traditional elements of an equitable estoppel claim. These elements include the following: (1) a promise or misrepresentation of fact, (2) reasonable reliance on the misrepresentation or promise, and (3) reasonableness of such reliance. The UNITED STATES correctly asserts that ALLEGHENY must bear the burden of showing that the reliance of its agents upon the statement of

* *U.S. v. Nebbia,* 357 F.2d 303, 304 (2nd Cir.1966).

the Assistant U.S. Attorney was reasonable and that further inquiry into the status of the property was not necessary. Without the proof of reasonable reliance, ALLEGHENY's mortgage lien is not legally entitled to treatment accorded an "innocent interest" under the provisions of 21 U.S.C. § 881(a)(7). 21 U.S.C. § 881(a)(7) states that all real property shall be subject to forfeiture when used or intended to be used in violation of Title 21. The statute *excepts* property "to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." ALLEGHENY must show that the Defendant property is excepted from this statute authorizing forfeiture.

In its Motion for Summary Judgment ALLEGHENY seeks recognition by the Court of the priority of its mortgage against the Defendant property and relies solely on this defense of equitable estoppel. It does not urge any other reasons to except the property from forfeiture. In this situation, ALLEGHENY must show more than reliance on the proceedings before the Magistrate. *See Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); *United States v. $4,255,625.39,* 551 F.Supp. 314 (S.D.Fla.1982), aff'd, 762 F.2d 895 (11th Cir.1985). As a professional corporate surety specially authorized to issue its bonds in federal criminal proceedings (31 U.S.C. § 9301), ALLEGHENY must show that its reliance on a statement of an agent of the UNITED STATES in a collateral proceeding regarding the Government's intention to seize the property was reasonable. As a professional bonding agency authorized to issue and post surety bonds on behalf of defendants in criminal cases in the Southern District of Florida, noted for its heavy criminal docket, it can not be said ALLEGHENY was "reasonable" as a prudent bonding agency under the circumstances. It failed to make any further inquiries into the status of the property,

nor did it take any other necessary and customary steps to ascertain whether any criminal proceedings were pending against the owner of the subject property. Therefore, ALLEGHENY has not borne its burden of establishing the elements required by 21 U.S.C. § 881(a)(7) and the applicable case law. Accordingly, it is

ORDERED AND ADJUDGED that the UNITED STATES' Motion for Summary Judgment be and the same is hereby GRANTED. Claimant, ALLEGHENY is not entitled to have any portion of the sums due upon its mortgage satisfied from the Defendant property. Accordingly, the property is ordered forfeited to the UNITED STATES.

