**A.E. ALIE & SONS, INC.,**
**Plaintiff, Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
**Defendant, Appellee.**

**No. 89-1904.**

United States Court of Appeals,
First Circuit.

Heard Feb. 8, 1990.

Decided March 1, 1990.

Robert T. Mittelholzer, with whom Ouellette, Hallisey, Dibble & Tanguay, P.A., Dover, N.H., was on brief, for plaintiff, appellant.

John F. Daly, Appellate Staff, Civ. Div., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Jeffrey R. Howard, U.S. Atty., Concord, N.H., and Robert S. Greenspan, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., were on brief, for defendant, appellee.

Before BREYER, ALDRICH and TORRUELLA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This is an action brought against the United States Postal Service (USPS) by A.E. Alie & Sons, Inc. (hereinafter plaintiff, as distinguished from Alie, its principal officer), to compel it to recognize that a shipment of jewelry sent by registered mail was insured for $60,000, rather than for $25,000, as stated on the registered receipt. The claim was stated in two counts; tort and contract. Defendant successfully moved for summary judgment. Plaintiff does not appeal with respect to the tort count. 28 U.S.C. § 2680(b). We affirm as to contract.

The facts, viewed most favorably to plaintiff, are simple. Plaintiff, a jeweler, was in the practice of sending miscellaneous jewelry by insured registered mail to a repairer. On the occasion in question it wished to mail a number of pieces, whose total value was $60,000, to the same addressee. Alie was not sure whether he could mail them all in one package, insured for that amount, or whether $25,000 was the maximum limit per package, so that there would have to be three. The reason for his doubt was that the registered mail receipt read, "$25,000.00 Domestic Insurance Limit." Alie, accordingly, made inquiry of the postal clerk and was assured that if he declared a larger amount and paid the additional fee shown on the schedule the insurance would apply to the full amount. Alie accepted this representation and proceeded accordingly. The single package was lost.

It is not clear on the record whether Alie saw the printed USPS schedule of charges. (See n. 1, post.) The terms of the schedule required a declaration of the full value of the contents, of whatever extent, and made a correspondingly, small, increasing charge, but this charge was specifically described as being for "handling." This in no way contradicted the statement on the receipt that the insurance obligation could not exceed $25,000. If Alie saw this paper, that is the end of the case. Manifestly the postal clerk's contrary interpretation could not prevail over the instrument itself.

Presumably plaintiff is bound anyway. *Falcone v. Pierce*, 864 F.2d 226 (1st Cir. 1988). On the assumption that Alie did not see the paper, but only the registered receipt, plaintiff's only possibility is to claim estoppel, a claim that has been made in similar circumstances before. *E.g., Rider v. U.S. Postal Serv.*, 862 F.2d 239 (9th Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 2430, 104 L.Ed.2d 987 (1989); *Azar v. U.S. Postal Serv.*, 777 F.2d 1265 (7th Cir. 1985). Its invocation may raise the often debated question whether estoppel can run against the government, a question that is frequently answered in the negative. *See Phelps v. Federal Emergency Management Agency*, 785 F.2d 13, 16–17 (1st Cir. 1986), and cases cited. It has been said, however, that the USPS is not, strictly, the government, but is to be treated as a private enterprise. *Azar*, 777 F.2d at 1270–71. Compare contrary implication in joinder in *Treasury, Postal Service & General Government Appropriations Act for Fiscal Year 1990*, Pub.L. No. 101–136 (appr. Nov. 3, 1989). While we have leaned in the other direction, *Diaz v. U.S. Postal Serv.*, 853 F.2d 5 (1st Cir.1988), it is not necessary to reach it in this case. All estoppel, at a minimum, calls for reasonable reliance. The USPS is an enterprise with, undoubtedly, thousands of postal clerks. Such low-level employees must be known to have minimum authority. If it could be found reasonable to think they had authority to expose the Service to unlimited obligations, as in this case, it would seem apparent that the Service could face bankruptcy. Thompson, *Equitable Estoppel of the Government*, 79 Colum.L.Rev. 551, 565 (1979), quoted in *Phelps*, 785 F.2d at 17. We say this quite apart from the danger of rigged claims with dishonest clerks, and simple miscarriages of justice when, as may happen, dishonest claimants are credited by juries. In spite of a case such as *Azar*, where it was found reasonable for a customer, who was given an official printing to the contrary, to rely on the clerk's interpretation because he did not have his glasses with him, we decline to recognize the reasonableness of relying on the oral representation of a postal worker that a statement on an official receipt is meaningless. We hold this quite apart from USPS regulation that reads as follows.

911.231 Obtaining Postal Insurance. Postal insurance may be purchased, at the option of the mailer, to cover articles valued at the time of mailing up to $25,-000. To obtain postal insurance, the full value of the article must be declared at the time of mailing and the corresponding fee, as shown in column A, Exhibit 911.21,[1] must be paid.

There is a still further reason why plaintiff should be denied recovery. The registered receipt was the contract; the clerk's oral statement was not a separate agreement, but purported to describe the USPS's undertaking. Whether it could have served to permit plaintiff to rescind because of mutual mistake is not at issue. By elementary application of the parol evidence rule, the unambiguous limitation contained in the writing could not be orally contradicted.

Even if we were to accept the decision in *Azar*, which we do not, there can be no merit in plaintiff's case.

*Affirmed.*

---

**1.** Exhibit 911.21 is the schedule of charges referred to earlier in this opinion. It will be found in *Moody v. United States*, 783 F.2d 1244, at 1248 (5th Cir.1986).