UNITED STATES of America, Plaintiff,

v.

$705,270.00 IN UNITED STATES CURRENCY, Defendant.

No. 92–6122–Civ.

United States District Court,
S.D. Florida,
Miami Division.

March 31, 1993.

Jeffrey Lang, Asst. U.S. Atty., Miami, FL, for plaintiff.

William A. Meadows, Jr., Miami, FL, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's, United States of America, Motion for Summary Judgment (DE # 14). After considering the motion, response, the exhibits and the pertinent portions of the record, the Court enters the following order.

### Background

This is a civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A), arising from violations of 18 U.S.C. § 1956 and 31 U.S.C. § 5313(a), and pursuant to 21 U.S.C. § 881(a)(6), arising from violations of 21 U.S.C. § 801 *et seq.* The defendant currency is $705,270.00 seized from Guillermo Leguizamon and his wife on June 17, 1991 in Plantation, Florida. The government alleges that the defendant currency constitutes personal property involved in a transaction or attempted transaction for which no Currency Transaction Report, ("CTR"), was filed in violation of 31 U.S.C. § 5313(a). The government also alleges that the defendant currency is the proceeds of unlawful narcotics activity and constitutes personal property involved in a transaction or attempted transaction intended to promote the carrying on of such unlawful narcotics activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Finally, the government alleges that the defendant currency is money furnished or intended to be furnished in exchange for controlled substances and proceeds traceable thereto in violation of 21 U.S.C. § 801, *et seq.*

The instant Complaint for Forfeiture was filed on February 14, 1992. On February 26, 1992, a Claim was filed by Eduardo Franco, ("Franco"). Franco proceeded to file an Answer and Affirmative Defenses on March 17, 1992. Franco claims ownership of approximately $350,000.00 and a possessory interest in the remaining amount. On June 9, 1992,

the plaintiff filed its motion for summary judgment.

## Discussion

### 1. Summary Judgment Standard

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

It may be entered only where there is *no* genuine issue of material fact. Moreover, the moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Clemons v. Dougherty County, Ga.,* 684 F.2d 1365, 1368–69 (11th Cir.1982); *see also Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1502 (11th Cir.1985), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). The non-moving party, however:

> [m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Id.* at 254, 106 S.Ct. at 2513. If the non-movant in a summary judgment action fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. *Id.* at 254–55, 106 S.Ct. at 2513. Additionally, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

### 2. Civil Forfeiture

█ The following property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A):

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) of title 31 ... or any property traceable to such property.

In seeking forfeiture under this statute, the government has the initial burden of establishing probable cause to believe that the defendant property was involved in a transaction in violation of 31 U.S.C. § 5313(a). 19 U.S.C. § 1615.[1] The government establishes probable cause by showing a "reasonable ground for belief of guilt, supported by prima facie proof, but more than reasonable suspicion." *U.S. v. One Parcel of Real Estate,* 963 F.2d 1496, 1501 (11th Cir.1992). The burden then shifts to the claimant to prove by a preponderance of the evidence that the defendant property is not subject to forfeiture. 19 U.S.C. § 1615; *Id.* at 1501.

The United States seeks summary judgment based on its claim for forfeiture under 18 U.S.C. § 981(a)(1)(A) for a violation of 31

---

**1.** The provisions of the customs laws relating to forfeiture actions are incorporated by 18 U.S.C. § 981(d).

U.S.C. § 5313(a). Title 31, United States Code, section 5313(a), provides that:

> When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States currency ... [it] shall file a report on the transaction at the time and in the way the Secretary prescribes.

31 U.S.C. § 5313(a). The reporting requirement is triggered by each transaction involving more than $10,000.00 in currency. 31 C.F.R. § 103.22(a)(1) (1992).

### a. Probable Cause

■ The United States contends that the defendant currency is property involved in a transaction in violation of 31 U.S.C. § 5313(a). A "transaction in currency" is defined as: "[a] transaction involving the physical transfer of currency from one person to another." 31 C.F.R. § 103.22(r). The undisputed facts reveal that Franco exchanged Colombia pesos for the defendant currency through a currency exchange house in Cali, Colombia,[2] and that the exchange house delivered the defendant currency to Franco's agent, Leguizamon, in Miami four days later.[3] It is also undisputed that a currency transaction report was not filed regarding the transfer of the defendant currency. Therefore, probable cause of a section 5313(a) violation exists if the currency exchange house used by Franco is a financial institution required to comply with 31 U.S.C. § 5313(a).

The definition of a "financial institution" includes "each agent, agency, branch, or office within the United States of any person doing business, whether or not on a regular basis or as an organized business concern ... [as] a currency dealer or exchanger." 31 C.F.R. § 103.11(i). It is undisputed that the exchange house conducted transfers of cur-

rency through an agent in Miami. Indeed, Franco admitted to transferring currency into the United States through the exchange house on at least two other occasions. In opposition to the motion for summary judgment, Franco does not present any argument or evidence to contradict the government's showing that the currency house is a financial institution required to file a CTR under the statute.[4] In light of the government's showing and Franco's failure to present any rebuttal argument, this court finds that there exists no genuine issues of material facts and that the government has met its initial burden of showing probable cause to believe that the defendant currency was involved in a transaction in violation of 31 U.S.C. § 5313(a).

### b. Claimant's Defenses

Once the government establishes probable cause, the burden shifts to Franco to show by a preponderance of evidence that the defendant currency is not subject to forfeiture. Franco may not rest upon the denials of the government's motion, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If left unrebutted, the government's showing of probable cause alone will support forfeiture. *U.S. v. 1988 Oldsmobile Supreme*, 983 F.2d 670, 675 (5th Cir.1993).

### 1. Applicability of 31 U.S.C. § 5313(a)

■ In response to the motion, Franco first argues that the reporting requirements did not apply to the defendant currency. Under the relevant regulations, a financial institution must file a CTR within fifteen (15) days following the day on which the reportable transaction occurred. 31 C.F.R. § 103.-27(a)(1). Because the government seized the defendant currency four days after the trans-

---

2. At deposition Franco identified the currency exchange house as Joyeria, Nueva York located in the Gran Centro Commercial in Cali, Colombia.

3. Deposition of Franco, Part II, p. 6–16.

4. The government also contends that Franco, individually, is a financial institution subject to the reporting requirements. Franco does not contest that an individual may be determined to

be a "financial institution" under the statute. *See U.S. v. Rigdon*, 874 F.2d 774 (11th Cir.), *cert. denied*, 493 U.S. 958, 110 S.Ct. 374, 107 L.Ed.2d 360 (1989). However, Franco argues that a genuine issue of material fact exists as to whether he is a financial institution under the statute. Because the Court finds that the exchange house is subject to the statute, the determination of whether Franco as an individual is subject to the statute will not be addressed.

action, Franco claims that the requirement to report no longer applied to the defendant currency. Alternatively, Franco argues that the reporting requirements were substantially complied with because a Department of the Treasury IRS special agent was provided with information regarding the transaction.

The government argues that 31 U.S.C. § 5313 does not provide an exception to the reporting requirements for the verbal communication of information to IRS agents regarding a reportable transaction. Under 31 U.S.C. § 5313(a) a financial institution is required to file a CTR "on forms prescribed by the Secretary." 31 C.F.R. § 103.27(d). Although the regulations list specific exceptions to the reporting requirements, there is no exception under the circumstances of this case. *See* 31 C.F.R. § 103.22(b). Further, the fact that Leguizamon provided information to the IRS is irrelevant. The currency exchange house was the entity required to report the transaction and the record is devoid of any facts suggesting that Leguizamon was also an agent for the exchange house.

Also, the timing of the seizure did not affect the requirement to file a CTR. The statute requires a financial institution to file a report "when [it] is involved in a transaction." 31 U.S.C. § 5313(a). This requirement is triggered by the occurrence of a reportable transaction and is independent of the ultimate disposition of the currency. Franco has failed to provide any authority to support his argument, and this Court concludes that there is no basis to exempt the transaction in this case from the reporting requirements of 31 U.S.C. § 5313(a).

## 2. Innocent Owner Defense

■ Franco also asserts an innocent owner defense. The civil forfeiture statute provides that:

No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder.

18 U.S.C. § 981(a)(2). The innocent owner defense requires the claimant to show by a preponderance of evidence that he did not

know of the illegal activity. *Id.; One Parcel,* 963 F.2d at 1503; *U.S. v. All Monies (477,-048.62), In Acc. 90–3617–3,* 754 F.Supp. 1467, 1476 (D.Hawaii 1991). The government claims that Franco must also show that he took all reasonable efforts to prevent the illegal use of his property. The "all reasonable efforts" language is derived from the interpretation of the consent element of the innocent owner provisions found in 21 U.S.C. §§ 881(a)(6) & (7). *See One Parcel,* 963 F.2d at 1504–05. Under 21 U.S.C. §§ 881(a)(6) & (7), the innocent owner defense requires a claimant to prove that he had no knowledge of the illegal activity or *he did not consent to the activity.* 21 U.S.C. § 881(a)(6) & (7) (emphasis provided). Because 18 U.S.C. § 981(a)(2) does not include a consent element in its innocent owner provision, a claimant in a forfeiture action under 18 U.S.C. § 981(a) is not required to show he took all reasonable efforts to prevent the illegal use of his property.

Therefore, in order to establish an innocent owner defense, Franco must show that he did not know that the defendant currency would be involved in a transaction in violation of 31 U.S.C. § 5313(a). Franco first argues that summary judgment is inappropriate when motive and intent are the ultimate issue and, as such, genuine issues of material facts exist. This argument is insufficient to rebut a motion for summary judgment. Franco cannot rely upon denials of the government's pleadings and must make a prima facie showing of the essential elements of the innocent owner defense. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552. The failure to show the existence of an essential element of a claim renders all factual disputes as to that claim immaterial and requires the granting of the summary judgment motion. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

■ Franco also files an affidavit claiming that he did not knowingly nor intentionally fail to file currency transaction reports. However, Franco has not offered evidence to suggest that he did not know of the reporting requirements. At deposition and in his Answers to Interrogatories, he admits to having

completed "a form from the IRS for payments over \$10,000.00" regarding another transaction. Answer to Interrogatory no. 24. Franco also fails to offer evidence suggesting he did not know that the currency exchange house would involve the defendant currency in a transaction in violation of the reporting laws. Because a claimant's deliberate ignorance will be equated with knowledge of the illegal activity, *U.S. v. Rivera*, 944 F.2d 1563 (11th Cir.1991), *All monies*, 754 F.Supp. at 1477, the Court concludes that Franco knew that the currency exchange house would transfer the defendant currency in a transaction in violation of 31 U.S.C. § 5313(a).

Franco's affidavit also claims that he was not aware of the requirement to file a report when the currency transferred is used to purchase merchandise for export. Aff. of Franco, ¶ 6. But on the occasion he admits to having completed a CTR, the currency was used to purchase a car to export to Colombia. The government also identifies other uncontradicted facts which support the conclusion that Franco knew of the reporting requirements. Prior to the seizure of the defendant currency, Franco directed Leguizamon to wire transfer \$36,000.00 of the defendant currency in four separate transfers of less than \$10,000.00 each. Franco failed to introduce any evidence suggesting that these four transfers were structured for any reason other than avoiding the reporting requirements. In light of the unrebutted evidence on this issue, this Court finds that no reasonable person could conclude by a preponderance of evidence that Franco did not know about the reporting laws. *U.S. v. Wollman*, 945 F.2d 79, 81 (4th Cir.1991).

After reviewing the exhibits and the record herein, this Court finds that Franco has failed to present prima facie evidence that he did not know that the defendant currency would not be involved in a transaction in violation of the reporting requirements. The record before the Court indicates that Franco was aware of the reporting requirements and knew that the currency exchange house would not comply with the statutory reporting requirements. Franco's conclusory affidavit is insufficient to meet his burden on summary judgment. *U.S. v. One Single Family Residence*, 683 F.Supp. 783 (S.D.Fla. 1988).

## Conclusion

For all the foregoing reasons, it is

ORDERED AND ADJUDGED that the Motion for Summary Judgment be, and the same is hereby, GRANTED. Final Summary Judgment is entered in favor of Plaintiff, and the Defendant property is hereby FORFEITED to Plaintiff UNITED STATES OF AMERICA. Said property shall be disposed of in accordance with law.

DONE AND ORDERED.