UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL PROPERTY LOCATED AT 3100 N.E. 48TH STREET, UNIT NO. 618, FORT LAUDERDALE, BROWARD COUNTY, FLORIDA, with all appurtenances and improvements thereon, Defendant.

No. 91–6296–CIV.

United States District Court,
S.D. Florida.

Dec. 7, 1994.

---

Asst. U.S. Atty. Barbara Jean Throne, Miami, FL, for U.S.

Stanley Brian Erskine, Erskine & Fleisher, Fort Lauderdale, FL, for defendant Great Western Bank, Successor in interest to First Federal Sav. & Loan Ass'n of Lke Worth.

Bernard Berman, Fort Lauderdale, FL, for claimant Fidelity Ins. Co.

## ORDER OF FORFEITURE

GONZALEZ, District Judge.

**THIS CAUSE** came before the Court, sitting as finder of fact, on November 4, 1994. Pursuant to Federal Rule of Civil Procedure

52, this Court hereby enters the following findings of fact and conclusions of law.

### Jurisdiction

This Court has jurisdiction over this *in rem*, civil forfeiture proceeding pursuant to 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881(j).

### Findings of Fact

The Defendant Real Property is located at 3100 N.E. 48th Street, Unit # 618, Fort Lauderdale, Broward County, Florida. The legal description of the Defendant Real Property is as follows:

Condominium Unit No. 618 of PILOT HOUSE CONDOMINIUM, a Condominium according to the Declaration of Condominium thereof, recorded August 25, 1977 in Official Records Book 7171 at pages 298 through 353 of the Public Records of Broward County, Florida.

The Defendant Property is currently titled in the names of Ozzie and Jamie Negron. On September 5, 1989, Ozzie Negron was convicted of various drug related charges, to wit: violations of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and 18 U.S.C. § 1952(a)(3).

On or about September 5, 1989, the Claimant in this case, International Fidelity Insurance Company,[1] posted a corporate surety appeal bond in the amount of $100,000.00 for Ozzie Negron. In return, the Negrons paid the Claimant its standard premium of $15,-000.00 and executed a contingent promissory note and mortgage on the Defendant Real Property in favor of the Claimant. The mortgage was duly recorded in Broward County, Florida on September 12, 1989. At all pertinent times the individual acting on behalf of the Claimant, pursuant to a valid power of attorney, was Steven Falowski, President of B & S Bail Bonds.

Falowski was present at an initial bond hearing when the statutory provisions violated by Ozzie Negron were read out in court.

Thus, Falowski learned that Negron was charged with violating a number of federal criminal statutes for his dealings in illicit drugs. Based upon: 1) representations made by Bill Laswell, Negron's defense attorney; 2) the fact that no *Nebbia*[2] hearing was held by the court before setting the appeal bond; 3) the fact that no forfeiture proceeding had yet been instituted by the United States; and 4) his personal experience in posting bonds, Falowski concluded that the United States would not seek forfeiture of the Defendant Real Property. At no time, however, did any agent of the United States represent to Falowski, Negron or Laswell that the United States would not institute forfeiture proceedings against the Defendant Real Property.

On or about April 3, 1991, Negron became a fugitive from justice.[3] On or about April 8, 1991—the date Negron's conviction was affirmed by the Fourth Circuit Court of Appeals—the $100,000.00 corporate surety appeal bond posted by the Claimant was forfeited and paid to the United States.

The United States filed the current action on April 30, 1991.

*Conclusions of Law*

The Plaintiff in this action seeks forfeiture of the Defendant Real Property under 28 U.S.C. § 881(a)(7), which provides for forfeiture to the United States of:

All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [21 U.S.C. §§ 801 *et seq.*] punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have

---

**1.** Acting through its licensed limited surety agent—B & S Bail Bonds.

**2.** *See United States v. Nebbia,* 357 F.2d 303 (2d Cir.1966).

**3.** He has since turned himself in.

been committed or omitted without the knowledge or consent of that owner.

■ In order to prevail in a forfeiture action under 21 U.S.C. § 881(a)(7), the United States must prove probable cause to believe that the Defendant Property was used to facilitate the violation of 21 U.S.C. §§ 801 et seq.. *See United States of America v. One Parcel of Real Estate at 1012 Germantown Road,* 963 F.2d 1496, 1500–01 (11th Cir.1992). The burden then shifts to the Claimant to prove a defense to forfeiture by a preponderance of the evidence. *Id.* at 1501; *United States v. $500,000.00,* 730 F.2d 1437, 1439 (11th Cir.1984). On August 19, 1993, this Court granted the Plaintiff's Motion for Summary Judgment on the issue of probable cause. Therefore, the sole remaining issue for the Court to determine is whether the Claimant has carried its burden of proving that it is an innocent owner under 21 U.S.C. § 881(a)(7).

■ Despite the apparent inequity of allowing the United States to obtain both the proceeds of the $100,000.00 bond posted by the Claimant *and* its underlying security, case law from this and other circuits convinces this Court that the Claimant has not established itself to be an innocent owner. Therefore, the Court concludes that the Defendant Real Property must be forfeited to the United States. The Court reaches this conclusion, however, with some hesitation.

■ In order to prevail in this case, the Plaintiff need not prove that the Claimant lacked actual knowledge of the illegal acts that are the basis of this forfeiture action. Instead, the *Claimant* must prove by a preponderance of the evidence that it lacked actual knowledge. *United States v. $4,255,000.00 in U.S. Currency,* 762 F.2d 895, 906–07 (11th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986); *United States v. 1977 Porsche Carrera 911,* 748 F.Supp. 1180, 1184 (W.D.Tex.1990), *aff'd,* 946 F.2d 30 (5th Cir.1991).

At trial, the Claimant provided credible evidence to support the conclusion that it was not actually aware that the Defendant Property was used to commit or facilitate the commission of a violation of 21 U.S.C. § 801

et seq. The Court accepts the Claimant's assertion, but concludes that the Claimant was aware of a high probability that the Property was so used. Thus, the Court must determine whether the knowledge provision of § 881(a)(7) should be read literally or as including some element of reasonableness.

■ The Plaintiff asserts that lack of knowledge is not a defense when the Claimant was "willfully blind" to the illegal use of the property. *United States v. $705,270.00 in United States Currency,* 820 F.Supp. 1398 (S.D.Fla.1993). Under the willful blindness test, a claimant must take "basic investigatory steps" to determine whether a property is connected with its transferee's illegal conduct, and thus potentially subject to forfeiture. *1977 Porsche Carrera,* 748 F.Supp. at 1186. It is not clear, however, whether the willful blindness test should be applied under 21 U.S.C. § 881(a)(7). Unlike the forfeiture provision at 21 U.S.C. § 881(4)(c), subsection (a)(7) does not include "willful blindness" as a factor for the Court's consideration. There is, however, some indication in the legislative history that the willful blindness standard was intended to be applied to subsection (a)(7). *See 1977 Porsche Carrera,* at 1186.

Of the Eleventh Circuit cases cited by the Plaintiff supporting the use of the willful blindness test, most are instructive only by way of analogy. In both *United States v. Alvarez,* 837 F.2d 1024 (11th Cir.1988) and *United States v. Rivera,* 944 F.2d 1563 (11th Cir.1991), the courts discuss the willful ignorance standard as applied to the element of knowledge when interpreting criminal statutes. The same is true of *United States v. Restrepo–Granda,* 575 F.2d 524 (5th Cir. 1978), *cert. denied,* 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978). The language that the Plaintiff cites from *United States v. Real Property on Lake Forrest Circle* is dictum, as the opinion in that case was based upon the invalidity of the mortgage at issue and the claimants' lack of standing to raise their client's Sixth Amendment rights. 870 F.2d 586, 593 (11th Cir.1989).

The Plaintiff also relies upon *United States v. One Parcel of Real Estate Located at 6640 S.W. 48th Court,* 831 F.Supp. 1578 (S.D.Fla. 1993). The court in that case, however, con-

sidered a different issue from the one this Court must resolve. Judge Highsmith was not interpreting the knowledge requirement under § 881(a)(7). Instead, he was attempting to determine whether: 1) a claimant's lack of knowledge should be determined at the time of the illegal act giving rise to the forfeiture claim or at the time of conveyance of the property; and 2) whether the "consent or knowledge" provision of § 881(a)(7) should be read in the conjunctive or disjunctive. 831 F.Supp. at 1582. Judge Highsmith noted Justice Scalia's suggestion "that the post-illegal act transferees with post illegal act knowledge of the earlier illegal act should prevail when presenting an innocent owner defense." *One Parcel of Real Estate Located at 6640 S.W. 48th Court,* at 1584, citing *United States v. Buena Vista Ave.,* —— U.S. ——, ——, 113 S.Ct. 1126, 1143, 122 L.Ed.2d 469 (1993) (plurality opinion), (Scalia, J., concurring). Disagreeing with Justice Scalia, Judge Highsmith held that the claimant's knowledge must be measured at the time of the conveyance of the property. *One Parcel of Real Estate Located at 6640 S.W. 48th Court,* at 1584. Judge Highsmith, however, did not determine whether the willful blindness test should apply under § 881(a)(7).

Only a handful of Eleventh Circuit cases directly support the application of the willful blindness test in this case. In *United States v. $705,270.00 in United States Currency,* Judge Moore applied the willful blindness test in interpreting 18 U.S.C. § 981(a), which contains innocent owner language similar to that being interpreted here. 820 F.Supp. 1398, 1402–03 (S.D.Fla.1993), *aff'd,* 29 F.3d 640 (11th Cir.1994), citing *Rivera, supra; United States v. All Monies ($477,048.62),* 754 F.Supp. 1467, 1477 (D.Haw.1991). Judge Moore, however, did not discuss his reasons for adopting this test.

Perhaps the strongest support for the Plaintiff's argument are two cases from this district with facts very similar to those now before the Court. In *United States v. One Parcel of Real Estate Located at 10691 S.W. 58th Street,* the court held that a bail bond company could not assert an innocent owner defense under § 881(a)(7) where it had reason to know that its collateral might be sub-

ject to forfeiture. 683 F.Supp. 1370, 1372–73 (S.D.Fla.1987). According to the court, the claimant placed itself outside the protection of § 881(a)(7) by failing to behave reasonably under the circumstances. *Id.* Thus, the claimant's failure to take reasonable investigatory steps proved fatal to its defense to the forfeiture action. The Court notes, however, that the claimant in that case relied entirely upon an equitable estoppel defense. *Id.* The claimant argued that the government was estopped from seeking forfeiture of the defendant real property by its statements to the claimant that forfeiture would not be sought. Thus, the reasonableness of the claimant's reliance upon the government's statements became an element of its defense of equitable estoppel. The court did not directly consider whether a showing of reasonableness would otherwise be required to claim lack of knowledge.

In *United States v. One Single Family Residence Located at 2901 S.W. 118th Court,* another court in this district ruled that a bail bond company could not prevail on an innocent owner defense unless it had taken reasonable steps to determine whether its collateral was potentially forfeitable. 683 F.Supp. 783, 788 (S.D.Fla.1988). A careful reading of the precedents upon which that court relied, however, suggests that the court may have based its conclusion on a misinterpretation. Citing *United States v. One (1) 1982 28' Intern. Vessel* for the proposition that a "claimant must ... demonstrate that it did 'all that reasonably could be expected' in order to claim innocent owner status under section 881," the court concluded that § 881 required a claimant to take all reasonable steps to inform itself before it could claim lack of actual knowledge. *Id.,* at 788, citing 741 F.2d 1319 (11th Cir.1984). The court in *One (1) 1982 28' Intern. Vessel,* however, did not read § 881 as imposing this burden of investigation. Instead, it quoted the Supreme Court's frequently cited dicta that a claimant had to prove "that he had done all that reasonably could be expected **to prevent the proscribed *use* of his property.**" *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974) (emphasis added), *quoted in One (1) 1982 28' Intern. Vessel,* at 1322.

While this distinction may not be vast, there is a difference between imposing a duty upon an owner to prevent the illegal use of his property and requiring a bond company to determine whether the property it seeks to employ as collateral has sufficient connections with illegal drug activities to render it subject to forfeiture.

The requirement that a claimant hiding behind the innocent owner defense of §§ 881(a)(6) & (7) prove that it "did everything reasonably possible" to prevent the illegal use of its property stems from dicta in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). In that case, the Supreme Court stated, "it would be difficult to reject the constitutional claim of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property." *Id.*, 416 U.S. at 689, 94 S.Ct. at 2094; *United States v. One Single Family Residence Located at 15603 85th Avenue North*, 933 F.2d 976, 981 n. 4 (11th Cir.1991). This dicta does not make clear whether the Supreme Court would apply the willful blindness test to a claim of lack of actual knowledge.

Opinions by the Eleventh Circuit in this area are unenlightening. Initially, the Eleventh Circuit held that "[a]pplication of the innocent owner defense turns on the claimant's actual, rather than constructive, knowledge." *United States v. Real Property & Improvements Located at 5000 Palmetto Drive*, 928 F.2d 373, 375 (11th Cir.1991), citing *United States v. $4,255,000.00 in United States Currency*, 762 F.2d 895, 906 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986). Soon afterwards, however, the Court held that a claimant had to prove that it did everything reasonably possible to prevent the illegal use of its property. *United States v. One Single Family Residence Located at 15603 85th Avenue North*, 933 F.2d 976, 982 (11th Cir. 1991); *United States v. One Parcel of Real Estate at 1012 Germantown Road*, 963 F.2d 1496 (11th Cir.1992). While these holdings can be read consistently, they have caused

some confusion. Courts such as the one in *One Single Family Residence Located at 2901 S.W. 118th Court* occasionally commingle the two holdings, importing into the knowledge element a reasonable efforts requirement. This is almost certainly unjustified, as even in *Real Property & Improvements Located at 5000 Palmetto Drive*, the Eleventh Circuit did not consider whether the willful blindness test, or some variation thereof, should apply to the knowledge element of § 881(a)(7).

Yet despite the uncertainty with which this Court interprets § 881(a)(7), it must conclude that the statute imposes some duty of reasonable investigation upon a bail bond company posting bail for a defendant convicted of drug related crimes. While the absence of the willful blindness language in § 881(a)(7) suggests that a pure actual knowledge test should apply, it is unlikely that this was the intent of Congress in enacting this provision. As Judge Highsmith noted, the imprecise language of § 881(a)(7) probably stems from the fact that Congress did not foresee its use by a post-illegal act transferee. *United States v. One Parcel of Real Estate Located at 6640 S.W. 48th Street*, 831 F.Supp. 1578. While Judge Highsmith did not determine whether the willful blindness test applies under § 881(a)(7), his reasoning suggests that it should. Judge Highsmith noted that:

> This Court cannot apply the innocent owner test in a manner which would create incentives for friends and family members to cast a blind eye towards criminal activity which would later result in profitable property acquisitions for these same friends and family members.

*Id.*, at 1584. This Court finds Judge Highsmith's reasoning persuasive. For in the present case, should the Claimant prevail, a precedent would be created that would encourage bond companies "to cast a blind eye towards" the criminal activities of the individuals for whom they post bond. This is the underlying motivation which has driven courts repeatedly to conclude that some duty of investigation exists before a claimant can take advantage of § 881(a)(7)'s innocent owner provision. Unfortunately, the technical

legal reasoning underlying these courts' conclusions is murky at best.

It is, however, clear that there is "a strong governmental interest in obtaining full recovery of all forfeitable assets...." *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 631, 109 S.Ct. 2646, 2655, 105 L.Ed.2d 528 (1989). Furthermore, it would be unjust to allow an individual guilty of drug offenses to use forfeitable property as collateral to obtain bail. In essence, this would permit a defendant to use government property to support his own defense. A bail bond company, therefore, may only deal with those guilty of drug offenses at its own peril. *One Single Family Residence Located at 2901 S.W. 118th Court,* 683 F.Supp. at 788. Finally, the Court notes that several other courts have applied the willful blindness test in interpreting § 881(a)(7). *See e.g., United States v. Leasehold Interest in 121 Nostrand Ave., Apt. 1–C, Brooklyn, N.Y.,* 760 F.Supp. 1015 (E.D.N.Y.1991); *United States v. One 1989 Jeep Wagoneer, V.I.N. 1J4GS5874KP105300,* 976 F.2d 1172 (8th Cir. 1992); *1977 Porsche Carrera 911,* 748 F.Supp. 1180. Therefore, the Court holds that where a bail bond company posts an appeal bond for a convicted drug dealer, it may not assert an innocent owner defense under 21 U.S.C. § 881(a)(7) to protect its collateral unless it can prove that it took reasonable steps to insure that the collateral was not subject to forfeiture.

In the instant case, the Claimant has failed to meet its burden of proof. The president of the Claimant company, Falowski, was present at Negron's initial bond hearing and learned that the defendant had been charged with drug related violations. Relying upon personal experience and statements made to him by Negron's counsel, Falowski concluded that the Plaintiff would not seek forfeiture of the Defendant. He reached this conclusion despite never having been told by a representative of the Plaintiff that forfeiture proceedings would not be instituted. It behooved the Claimant to determine whether the Defendant Property was subject to forfeiture. Its failure to do so was its own blunder.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** as follows:

1. That the Defendant property is hereby **FORFEITED** to the Plaintiff United States of America. The Claimant's rights in the Defendant property are therefore terminated.

2. That the Plaintiff furnish a form of Final Judgment of Forfeiture for entry in this case within ten (10) days from the date of this Order.

**DONE and ORDERED.**