**UNITED STATES of America, Plaintiff,**

v.

**ONE 48 FT. WHITE COLORED SAILBOAT NAMED "LIBERTINE", Bearing French Registry 15513–304, Defendant.**

**No. Civ. 97–2884 RLA.**

United States District Court,
D. Puerto Rico.

Oct. 5, 1998.

---

175

A.U.S.A. Jose Javier Santos–Mimoso, U.S. Attorney's Office, Hato Rey, Puerto Rico, for plaintiff.

Bruce J. McGiverin, Hato Rey, Puerto Rico, for claimant.

## ORDER DISMISSING VERIFIED COMPLAINT AND FOR RETURN OF VESSEL

ACOSTA, District Judge.

It is incumbent upon the court, at this time, to decide whether or not the Govern-

ment should be held bound to its consistently ratified stipulations made as part of the Rule 16 Fed.R.Civ.P. proceedings held in this action.

The Government filed the complaint in this case seeking to forfeit a vessel for its alleged use in violation of the immigration laws. Two conferences were held in an attempt to clarify the Government's vague grounds for forfeiture. Claimant ELLEN HEFFRON argued that the pleading did not detail the underlying conduct which provided grounds for forfeiture. Additionally, no reference to the specific section of the forfeiture statute was identified. After extensive discussions were held on these particular subjects the Government specifically stipulated that:

> [1] [T]he particular legal provision which provided a basis for the forfeiture is 8 **U.S.C. § 1324(a)(1)(A)(i)** [and]
>
> [2] [T]he underlying criminal conduct giving rise to the forfeiture proceedings Was the fact that KEITH DESMOND JONES brought himself into the jurisdiction with a false passport [and that it would] **not** utilize evidence in this case regarding MR. JONES having brought other persons into the jurisdiction.

Minutes and Order of Further Status Conference Held on April 23, 1998 (docket No. 17) at 1–2 (emphasis in original).

Because the Government's position put at issue the viability of the forfeiture under the facts and applicable law as stipulated, the parties were instructed to file memoranda on the issue. The Government then filed a motion recanting its prior stipulations in the record professing lack of authority and attempting to assert as an alternate additional claim the purported smuggling of an alien other than KEITH DESMOND JONES ("MR.JONES") in the seized vessel.

## I. PROCEDURAL BACKGROUND

The complaint alleges that the defendant vessel is amenable to forfeiture pursuant to 8 U.S.C. § 1324(b) because it was purportedly utilized in violation of 8 U.S.C. § 1324(a)(1)(A). The Government attached to the complaint an affidavit of INS Special

Agent JOSE E. RIVERA as a basis for the action in *rem*. No mention of any underlying criminal conduct appeared in either the complaint or the affidavit submitted therewith. The sworn statement submitted with the pleading merely incorporated by reference those facts contained in the agent's previous declaration [1] filed in a separate seizure proceeding.

ELLEN HEFFRON, MR. JONES's wife, filed a claim of ownership and answer to the complaint as provided for in the Supplemental Rules of Certain Admiralty and Maritime Claims. She alleged that she was the innocent owner of the vessel.

On **February 10, 1998** (docket No. 10) the court scheduled an Initial Scheduling Conference (ISC) as provided for in Rule 16(b) Fed.R.Civ.P. In order for the court and the parties to be able to narrow down the issues and adequately manage these proceedings, the parties were instructed to file a Joint ISC Memorandum prior to the meeting.

The joint memorandum was filed on **March 16, 1998** (docket No. 13). In its factual and legal contentions the Government described how INS was able to locate KEITH DESMOND JONES, a convicted escapee from England, at Villa Marina in Fajardo, Puerto Rico, who was traveling with a false passport and a fake identity. Subsequent to his arrest MR. JONES allegedly admitted his true identity; indicated that he was running a charter business, and that he had registered the "LIBERTINE" vessel under his wife's name for fear he might be detected. The Government further indicated that MR. JONES had entered the United States utilizing false documentation.

The only reference to any other possible criminal activity in the Government's version in the ISC memorandum, which covered over **five** (5) pages, is the following:

> Information received from reliable sources indicated that SUBJECT **JONES** had smuggled aliens into St. Thomas, USVI onboard the **"LIBERTINE"** but

---

**1.** The previous affidavit was **not** included in the documents filed in this case.

none of these aliens were arrested by INS authorities.

(emphasis in original).

At the ISC Conference held on **March 26, 1998** (docket No. 14) claimant's counsel raised the lack of specificity of the complaint under Rule E(2) of the Supplemental Rules of Certain Admiralty and Maritime Claims inasmuch as neither the pleading nor the sworn statement attached thereto contained any particularized facts in support of the complaint. Counsel indicated that the Government had failed to provide him with a copy of the affidavit incorporated by reference in this action and that the first indication of the smuggling of aliens in this action other than MR. JONES had been in the Government's part of the ISC Memorandum. In view of the foregoing, counsel argued that he could not properly represent his client since he was not privy to the underlying facts utilized as grounds for forfeiture.

Faced with the Government counsel's total inability to clarify which specific facts and which particular section of the statute he would rely on to proceed with the forfeiture, the Government was instructed to file "a memorandum identifying all elements of its cause of action for forfeiture [and to] identify with particularity the evidence it intends to present at trial in support thereof." [2] Claimant was given a term to respond and a Further Status Conference was set to discuss the arguments presented by the parties and to prepare a discovery time-table if warranted.

On **April 13, 1998** the Government filed its Memorandum in Compliance with Order. The only grounds for forfeiture mentioned in the entire document was the fact that MR. JONES had "illegally entered the United States by using an altered passport under [a false] name".[3] No specific reference was made as to which of the four (4) subsections of 8 U.S.C. § 1324(a)(1)(A) was being utilized as a basis for this action.

On **April 21, 1998** claimant filed her response to the Government's memorandum and again raised the Government's failure "to identify the underlying criminal predicate offense and statute it relies on as the basis of the forfeiture." [4] Additionally, claimant attacked the viability of MR. JONES's own entry as grounds for forfeiture under the statute. Lastly, counsel noted that the Government "also appears to be dropping its unfounded allegation" [5] that MR. JONES had smuggled illegal aliens.

A Further Status Conference was held on **April 23, 1998** at which time claimant was provided **for the first time** with copy of the affidavit incorporated by reference in the sworn statement attached to the complaint. During the conference the Government specifically stipulated that forfeiture proceedings were grounded on 8 U.S.C. § 1324(a)(1)(A)(i) which proscribes bringing illegal aliens into the United States and that "the underlying criminal conduct giving rise to the forfeiture proceedings was the fact that KEITH DESMOND JONES brought **himself** into the jurisdiction with a false passport." [6] Furthermore, the Government "acknowledged that it **will not** utilize evidence in this case regarding MR. JONES having brought other persons into the jurisdiction as intimated by paragraph 11 of the . . . affidavit." [7]

Legal arguments ensued as to whether or not § 1324 proscribes bringing oneself into the jurisdiction or requires the smuggling of third persons as previously raised by claimant in her memorandum. Because this presented an issue of legal interpretation which could prove dispositive of the case the parties were instructed to file simultaneous memoranda discussing "whether 8 U.S.C. § (a)(1)(A)(i) is applicable to a person coming in by himself and who presented himself to

2. Minutes and Order of ISC . . . filed on March 30, 1998 (docket No. 14) at 2.

3. Government's Memorandum in Compliance with Order, filed on April 13, 1998 (docket No. 15) at 2.

4. Claimant's Response, filed on April 21, 1998 (docket No. 16) ¶ 3.

5. *Id.* ¶ 5.

6. Minutes and Order of ISC . . . filed on April 24, 1998 (docket No. 17) at 1–2 (emphasis ours).

7. Minutes and Order of ISC . . . filed on April 24, 1998 (docket No. 17) at 2 (emphasis in original).

the pertinent point of entry with a false passport."[8]

Rather than discussing this legal issue the Government filed a Memorandum of Law on **May 15, 1998** (docket No. 18) rejecting the previous stipulations as not being authorized by his supervisor and running contrary to the interests of the United States. Claimant objected requesting that the Government be bound by declarations made under Rule 16 Fed.R.Civ.P.

## II. RULE 16

The current Rule 16 Fed.R.Civ.P. was designed to ensure that cases are adequately managed in the initial stages. Through opportune conferences with the court the parties are required to gather the relevant facts and streamline the legal theories in an efficient manner. "[T]he thrust of the provision is to encourage the early assertion of judicial control to ensure that the parties organize their cases and proceed as expeditiously as possible." 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1522.1 at 229–30 (1990).

In accordance with the aforementioned objectives, the court scheduled an Initial Scheduling Conference and directed the parties to file a joint memorandum addressing specifically their respective factual versions of the case and applicable legal theories.[9] The Government's version of the facts justifying the claim did not fully comply with this requirement. As previously described, there was no factual basis for the Government's theory of recovery in the complaint. The ISC memorandum included only a conclusory sentence regarding smuggling activity on the "LIBERTINE". Additionally, no particularized information was provided regarding which specific subsection of 8 U.S.C. § 1324 had prompted the forfeiture proceedings. It was only after two extensive conferences had been held where these particular issues were amply discussed that the Government eventually stipulated in writing the factual grounds and specific legal provision justifying the forfeiture. Rule 16(c)(1) Fed. R.Civ.P. establishes that during the course of any conference held under the rule the court may require that the parties formulate and simplify the issues "including the elimination of frivolous claims or defenses". Furthermore, the Government's agreement regarding the relevant facts and applicable law were incorporated by court order[10] in accordance with Rule 16(e) which "order shall control the subsequent course of the action".

■ The purpose of Rule 16 stipulations is to limit the issues and controversies in a case. A stipulation by the Government over its theory of recovery in a case is enforceable and precludes a subsequent attempt to circumvent its effect by the addition of an alternate theory. *United States v. Reading Co.,* 289 F.2d 7 (3rd Cir.1961). *See also United States v. One 1978 Bell Jet Ranger Helicopter,* 707 F.2d 461 (11th Cir.1983) (Government bound by stipulations of fact entered into in forfeiture proceedings).

■ The Government's handling of this case merits an additional comment. Due to the drastic nature of the forfeiture mechanism the Government is bound by a heightened pleading standard. 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2nd § 3242 (1997). The United States as the plaintiff in this action was required to adequately gather the pertinent facts and research the applicable law **prior** to filing the complaint. Additionally, subsequent to initiating this action the Government was provided with ample opportunities to decide on the facts and law fitting its claim.

> Because Congress has supplied the government with one of the most potent weapons in the judicial armamentarium, the court must make certain the government is, at the very least, reasonably precise in its deployment.

*U.S. v. One Parcel of Real Property,* 964 F.2d 1244, 1248 (1st Cir.1992).

■ Therefore, we find no valid reason to set aside stipulations repeatedly made for the

---

**8** *Id.*

**9.** *See* Order issued on February 10, 1998 (docket No. 10).

**10.** *See* Minutes and Order of Further Status Conference Held on April 23, 1998 (docket No. 17).

record regarding which particular facts and which particular legal provisions the Government would utilize in prosecuting its case.

Furthermore, this is a case of constitutional dimensions in that it involves the taking of property. Therefore, due process also demands that it be expeditiously handled.

Based on the foregoing, we find that the Government is compelled to abide by its proffered theory of recovery, i.e., forfeiture is premised on the provisions of 8 U.S.C. § 1324(a)(1)(A)(i) and by its assertion that the Government would not present evidence of MR. JONES having brought another person or persons into the jurisdiction.[11]

### III. ESTOPPEL

■ Given the facts present in this action we also find that the Government is estopped from recanting its stipulations setting forth which specific legal theory and underlying criminal conduct would be used to prosecute the forfeiture action.

■ Even though, ordinarily, the doctrine of equitable estoppel is not available against the Government, *Hachikian v. F.D.I.C.*, 96 F.3d 502, 506 (1st Cir.1996) we find that the particular circumstances in this case warrant its application. It is important to note that we are not facing an unauthorized contract enforcement situation brought against the Government, *see, i.e., Hachikian*, 96 F.3d at 505–6; *Falcone v. Pierce*, 864 F.2d 226 (1st Cir.1988). Rather, this case involves the Government prosecuting a quasi-criminal action where a third-party is attempting to defend and protect her proprietary interests.

With respect to the purported lack of authority to stipulate the relevant facts in this action we find that evidence in support thereof is lacking. The only information available in the record to this effect is the Assistant U.S. Attorney's mention of an alleged internal policy which required that the Chief of the Civil Division endorse the admissions made by counsel which policy he failed to follow in this case. However, there is no documentation of this policy in the record nor any indication that the attorney's stipulation as to the relevant facts and statutory

provisions was somehow contrary to law. *Cf. White v. United States*, 639 F.Supp. 82 (M.D.Pa.1986) (Government attorney lacked authority to enter into settlement agreement pursuant to applicable regulations).

We further find that reliance by the court and the claimant on the Government's assertions was reasonable in this case. *See Frillz, Inc. v. Lader*, 104 F.3d 515, 518 (1st Cir.1997) (movant must show reasonable reliance); *A.E. Alie & Sons, Inc. v. U.S. Postal Serv.*, 897 F.2d 591, 593 (1st Cir.1990) (estoppel requires reasonable reliance); *United States v. One Parcel of Real Estate*, 683 F.Supp. 1370, 1371 (S.D.Fla.1987) (plaintiff failed to show that reliance on statement of Government's agent in collateral proceeding was reasonable). Faced with the Assistant U.S. Attorney's consistent position throughout his case, opposing counsel focused on tailoring his defense to meet this theory of prosecution. Eventually claimant submitted a dispositive motion as a direct result of the Government's unequivocal statements at the last conference which is presently before the court for disposition.

Claimant has undoubtedly been prejudiced by the Government's belated change of mind in that, despite the multiple opportunities provided to counsel for streamlining his case as a plaintiff and affording claimant timely notice of the chargeable facts she is now finding out for the first time, what she is defending herself against. All of this ensued after two conferences with the court, research, review and the preparation of multiple legal memoranda. There has been a total waste of counsel for claimant's time as well as the client's depletion of economic resources. The prejudice in this case is further aggravated by the very nature of the *res* which is susceptible to rapid deterioration and the costly custodial charges involved. Additionally, the delay in asserting the additional theory of relief caused her inability to secure the testimony of MR. NEAL HOLLAND the alien purportedly smuggled in by MR. JONES in the seized vessel which testimony is vital to discredit the Government's new theory. According to claimant's counsel,

---

11. Minutes and Order of Further Status Conference Held on April 23, 1998 (docket No. 17).

which has not been refuted by the Government, "Mr. Holland is not within the jurisdiction of the United States, and he declined a request to provide testimony by deposition or otherwise." [12] Furthermore, "Mr. Holland previously was in the United states and claimant would have had the benefit of the Court's subpoena power had the government timely disclosed its theory regarding his entry." [13]

Accordingly, we find that the Government is estopped from recanting on the aforementioned stipulations agreed upon in this case.

## IV. SMUGGLING ONESELF

Faced with the uncontroverted facts and the applicable law we must now determine whether or not forfeiture is proper in this action.

Claimant attacks the validity of the forfeiture alleging that an illegal entry by an alien does not constitute legal grounds for forfeiture under 8 U.S.C. § 1324. Rather, she argues that the statute requires that a vessel be utilized to smuggle aliens other than oneself.

■ The first step in statutory construction is an examination of the terms of the statute. Laws should be examined as a whole and words given their plain meaning unless this would yield an absurd result. Courts should not ordinarily resort to examining the legislative history unless the language is not clear or there is an explicitly declared legislative intent to the contrary. *Arnold v. United Parcel Service, Inc.*, 136 F.3d 854 (1st Cir.1998); *United States v. Rivera*, 131 F.3d 222 (1st Cir.1997); *United States v. Ramirez–Ferrer*, 82 F.3d 1131 (1st Cir.1996).

■ As stipulated by the Government, forfeiture in this action is premised on 8 U.S.C. § 1324(a)(1)(A)(i). It is important to note that this particular subsection deals exclusively with **bringing** illegal aliens to the United States. In order to deter such conduct, in addition to fines and imprisonment the statute at § 1324(b) also provides for the **forfeiture** of vessels utilized in the connection with this offense. On the other hand, the "improper **entry** by [an] alien" is penalized under 8 U.S.C. § 1325 and no **forfeiture** is provided for violations thereof.

It is evident that § 1324 deals with the **smuggling** of aliens as opposed to the **illegal entry** of an alien which is proscribed by § 1325. The statutory language of § 1324 is clear and leads to only one logical interpretation: one cannot "bring" oneself in within the meaning of this statute. Instead, a person coming into the jurisdiction without the necessary permit constitutes an illegal entry criminalized by 8 U.S.C. § 1325, a separate statute. Therefore, based on claimant's arguments in her memorandum which are hereby incorporated by reference, as well as the clear wording of the statute we conclude that claimant's reading of § 1324 is correct.

Accordingly, we find that 8 U.S.C. § 1324(a)(1)(A)(i) is inapposite to the facts of this case in that MR. JONES could not "bring" himself into this jurisdiction within the meaning of the statute. Therefore, the seized vessel was not subject to forfeiture under 8 U.S.C. § 1324(b) and the complaint filed in this action must be dismissed.

## V. CONCLUSION

Based on the foregoing, The Government's attempt to introduce new legal and factual elements in this action in its Memorandum of Law in Compliance with Court Order, filed on May 15, 1998 (docket No. 18) is **DENIED.**

It appearing that no issues of material facts are present and that claimant is entitled to judgment as a matter of law, Claimant's Motion in Compliance with Order and for Dismissal with Prejudice and/or for Summary Judgment ... filed on May 15, 1998 (docket No. 19) [14] is hereby **GRANTED.**[15]

---

12. Motion Supplementing Opposition ... filed on August 24, 1998 (docket No. 22) ¶ 6.

13. *Id.* ¶ 7.

14. *See* United States' Reply ... filed on June 1, 1998 (docket No. 20); Claimant's Reply ... filed on June 2, 1998 (docket No. 21) and claimant's Motion Supplementing Opposition ... filed on August 24, 1998 (docket No. 22).

15. Because we find that the Government has failed to state a colorable claim we need not

Accordingly, the verified compliant in this case is hereby **DISMISSED**.

It is further ORDERED that the vessel "LIBERTINE" be immediately returned to claimant ELLEN HEFFRON.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

address the other arguments raised by the par- ties.