[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-16565
Non-Argument Calendar

_____

D. C. Docket No. 00-01084-CV-D-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEBRA RENAE CLECKLER,
E. L. TRACY,

Claimants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 24, 2001)**

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Claimants-Appellants Lebra Renae Cleckler and her mother E. L. Tracy appeal the grant of summary judgment in favor of the United States in the in rem forfeiture proceeding brought by the government under 21 U.S.C. § 881(a)(7) against the defendant-property, a parcel of real estate located in Chilton County, Alabama. Because we conclude that a material issue of fact exists, we reverse the grant of summary judgment.

Law enforcement received information from a confidential source that cocaine was being distributed in the Chilton County, Alabama area by Eddie R. Cleckler, his son-in-law Christopher Headley, Eddie Cleckler's daughter Pamela Jo Headley (Christopher Headley's wife) and Jeremy Allen Peters. On 2 February 2000 an undercover officer and the confidential informant went to the home of the Headleys to make a cocaine purchase, but the Headleys were not home. They then went to Eddie Cleckler's residence, the defendant-property. The Headleys were at the defendant-property. In Eddie Cleckler's presence, Pam Headley told the confidential informant that the cocaine was at the Headley residence. Also while at the defendant-property and in Eddie Cleckler's presence, Pam Headley discussed getting someone to cook cocaine for her. After leaving the defendant-property, the

2

undercover agent and confidential informant purchased 25.1 grams of powder cocaine at the Headley residence.

On 29 March 2000, the confidential informant called Eddie Cleckler at the defendant-property and arranged a purchase of crack cocaine. The purchase was completed later that same day at the defendant-property.

The United States sought forfeiture of the defendant-property on the grounds that it was used or was intended to be used to commit or to facilitate the commission of a violation of 21 U.S.C. § 801 et seq. and was subject to forfeiture under 21 U.S.C. § 881(a)(7). Claimants filed claims of ownership.[1]

In a civil forfeiture action under section 881(a)(7), the government must establish probable cause to believe that a substantial connection exists between the defendant-property and an illegal exchange of a controlled substance. See United States v. Route 2, Box 472, 136 Acres More or Less, 60 F.3d 1523, 1526 (11th Cir. 1995). Whether the government has shown probable cause for forfeiture is a question of law. See United States v. Four Parcels of Real Property, 941 F.2d 1428, 1439 n. 22 (11th Cir. 1991). Probable cause in this context is a reasonable ground for belief: something more than mere suspicion but less than prima facie

---

[1]The defendant-property consists of twenty acres of farm land. On the land is a peach orchard containing around 600 peach trees and a house built around a trailer. The house was built by Lebra Renae Cleckler and her husband. Not established by the record is the relationship between Lebra Renae Cleckler and Eddie Cleckler, although it is obvious they share the same surname.

proof. See United States v. $121,100.00 in U.S. Currency, 999 F.2d 1503, 1506 (11th Cir. 1993). Once the government has established probable cause, the burden of proof shifts to the claimants to show, by a preponderance of the evidence, that the property is not subject to forfeiture. See United States v. Two Parcels of Real Property Located in Russell County, 92 F.3d 1123, 1126 (11th Cir. 1996). The claimant may meet this burden either by rebutting the government's evidence or by showing that the claimant is an innocent owner.[2]

The district court concluded that the government established probable cause to believe that the defendant-property was used to facilitate transactions involving controlled substances. We agree. The undisputed facts show that one drug-sale was negotiated on the defendant-property (and later consummated at another location) and one drug-sale was negotiated and completed on the defendant-property. The government proffered sufficient evidence to support a reasonable

---

[2]Section 881(a)(7) expressly provided for an innocent-owner defense: "...no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." The innocent owner language was deleted from section 881(a)(7) by the Civil Asset Forfeiture Reform Act of 2000, which became effective for any forfeiture commenced on or after 120 days from the enactment date of 25 April 2000. In its stead, an innocent-owner defense applicable to section 881(a)(7) proceedings is codified at 18 U.S.C. § 983(d). Neither party has argued that the innocent-owner defense provisions of section 983(d) are applicable to the instant forfeiture.

belief that a substantial connection existed between the defendant-property and illegal narcotics transactions.

The district court concluded that, for summary judgment purposes, Claimants had shown they had satisfied one innocent-owner-defense element: lack of knowledge. The court nonetheless determined that the innocent-owner defense did not apply. The district court read the innocent-owner defense language of section 887(a)(7) -- "without the knowledge or consent of that owner" -- conjunctively. The district court concluded that Claimants failed to show the absence of consent: they failed to show that they did "everything reasonably possible" to prevent the illegal use of their property.

Eleventh Circuit case law is less than clear on whether a disjunctive or conjunctive reading applies to the "without the knowledge or consent" language of the innocent-owner defense.[3] See United States v. Real Estate at 6640 SW 48th St., 41 F.3d 1448, 1452 (11th Cir. 1995) (acknowledging both an inter- circuit and intra-circuit split on this phrase).

Language embracing a disjunctive interpretation is found in United States v. One Parcel of Real Estate at 1012 Germantown Rd., 963 F.2d 1496, 1503 n. 3 (11th

_____

[3]This issue is resolved by the Civil Asset Forfeiture Reform Act of 2000 for forfeitures to which that Act applies. Under the Civil Asset Forfeiture Reform Act of 2000, the innocent-owner defense is available to an owner (i) who has no knowledge of the illegal conduct; or (ii) who, upon learning of the illegal conduct, takes steps to terminate the illegal conduct. See 18 U.S.C. § 983(d).

Cir. 1992): "The plain words of the statute, ... as well as case law, mandate that either ignorance or non-consent is sufficient to make out an innocent owner defense." But, language supporting a conjunctive interpretation is found in an earlier case, <u>United States v. One Single Family Residence Located at 15603 85th Ave. North</u>, 933 F.2d 976, 981 (11th Cir. 1991): "Innocent owners are those who have no knowledge of the illegal activities and who have not consented to the illegal activities."[4] Because of the prior precedent rule, <u>see</u> <u>Walker v. Mortham</u>, 158 F.3d 1177, 1188-89 (11th Cir. 1998) (when circuit authority is in conflict, line of authority containing earliest case is binding), the district court felt bound by the conjunctive interpretation contained in <u>15603 85th Ave.</u>

The prior precedent rule, however, only has application when the *holdings* (as opposed to language) of decisions of two prior panels are in conflict.[5] The claimant in <u>15603 85th Ave.</u> had actual knowledge; the panel determined that "a

---

[4] <u>15603 85th Ave. North</u> dealt with the innocent-owner defense in the context of 21 U.S.C. § 881(a)(6). Section 881(a)(6) involves property procured with proceeds of drug transactions whereas section 881(a)(7) involves use of property to facilitate a drug crime. We have noted that section 881(a)(6) parallels section 881(a)(7) and contains an identically worded innocent-owner defense. <u>See</u> <u>1012 Germantown Road</u>, 963 F.2d at 1505. Precedent in section 881(a)(6) cases informs decision of section 881(a)(7) cases, and vice versa. <u>See</u> <u>United States v. Carrell</u>, 252 F.3d 1193, 1203 n. 11 (11th Cir. 2001).

[5] Because <u>15603 85th Ave.</u> involved a section 881(a)(6) forfeiture, it may be distinguished on that basis. Because we conclude that the seeming conflict between <u>15603 85th Ave.</u> and <u>1012 Germantown Road</u> is more apparent than real, whether the different sections could support different interpretations of the innocent-owner defense is of no moment to this case.

claimant who has actual knowledge of the commingling of legitimate and drug funds may be spared forfeiture as an innocent owner if the claimant can prove that everything reasonably possible was done to withdraw the commingled funds or to dispose of the property." 933 F.2d at 982. If the panel in 15603 85th Ave. truly intended to decide that in all cases to prevail as an innocent owner a showing must be made of both (i) the absence of actual knowledge and (ii) the absence of consent, this language makes no sense. These lines of authority each concerned claimants with actual knowledge; each support the proposition that a claimant with actual knowledge who seeks the benefit of the innocent-owner defense must prove the absence of consent: all reasonable steps were taken to extricate funds (in section 881(a)(6) cases), 15603 85th Ave., 933 F.2d at 982, or to prevent the illegal use of the property (in section 881(a)(7) cases). 1012 Germantown Road, 963 F.2d at 1505.

We believe material issues of fact exist on whether Claimants had knowledge of the illegal narcotics activity on the defendant-property. We think the Claimants' affidavits containing denials of knowledge of the illegal activity or involvement in the illegal activity, together with the averment that they "would not condone or allow any illegal activity," are sufficient to create genuine issues of fact for the jury to determine. Even though the Claimants have the burden of proof on

their entitlement to the innocent-owner defense, we can not say that no rational trier of fact would credit Claimants' denials of knowledge.

The district court erred in concluding that although Claimants had shown (at least for summary judgment purposes) that they were uninvolved in and unaware of the use of their property for wrongful purposes, they nonetheless were required to show that all reasonable steps were taken to prevent that illegal activity. We have been cited to no case where the claimant was without knowledge and nonetheless was denied the innocent-owner defense on the basis of a consent implied in the abstract. To the contrary, we have noted that the obligation to take steps to show the absence of consent presupposes *some* knowledge to put the party claiming innocent ownership on notice that such acts may be necessary. See United States v. One Single Family Residence Located at 6960 Miraflores Ave., 995 F.2d 1558, 1562 (11th Cir. 1993). See also, Route 2, Box 472, 136 Acres More or Less, 60 F.3d at 1527, n.7 (noting that court need not consider issue of consent if the innocent-owner defense is premised on lack of knowledge because, logically, no consent can exist to illicit activity of which a party is unaware).

REVERSED AND REMANDED.