[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16056
Non-Argument Calendar

_____

D. C. Docket No. 02-00318-CV-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

3402 53RD STREET WEST,
BRADENTON, FL., Real
property, including all
improvements thereon and
appurtenances thereto, et al.,

Defendants,

JAMES T. SLATE,

Claimant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 28, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James T. Slate appeals the district court's grant of summary judgment in favor of the government in an <u>in rem</u> civil forfeiture proceeding brought pursuant to 21 U.S.C. § 881(a)(7) against real property located at 3402 53rd Street, Bradenton, Florida. On appeal, Slate argues that the government failed to establish, by a preponderance of the evidence, that a substantial connection existed between the property forfeited and his criminal activity, the sale of illegal drugs. For the following reasons, we affirm.

In granting summary judgment, the district court relied heavily on a sworn affidavit submitted by Justin C. Duralia, special agent with the Drug Enforcement Administration ("DEA"). Duralia's affidavit stated that he had learned from a confidential source ("CS") that Slate had engaged in drug trafficking, and that Slate had sold cocaine to the CS at least fifty times since 1995. The CS claimed that Slate had distributed approximately sixty ounces of cocaine every two-weeks from his residence. Moreover, the CS had seen Slate "process[] powder cocaine into crack cocaine" in his residence ten to twenty times between 1995 and 1996.

Based on the CS's allegations, the DEA directed the CS to return to Slates's residence at 3402 53rd Street West, Bradenton, Florida to purchase cocaine on two

2

occasions. During the first sale, the CS claimed to have seen at least sixteen ounces of cocaine and a bag of marijuana. During the second sale, the CS claimed to have seen about two pounds of marijuana. Two days after the second sale, DEA agents and local officers executed a search warrant at 3402 53rd Street and found 395 grams of cocaine and two pounds of marijuana. Slate was arrested thereafter. In his affidavit, Duralia claims that Slate stated in a post-Miranda interview that the drugs seized from his residence belonged to him and that he sold illegal narcotics. Following a plea of nolo contendere, Slate was judged guilty of seven counts of sale and possession of cocaine, marijuana, and drug paraphernalia, and was sentenced to concurrent terms of one year and one day imprisonment. Thereafter the government filed a complaint for forfeiture in rem against the property at 3402 53rd Street.

We review the district court's grant of summary judgment de novo. Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1325 (11th Cir. 2001). In civil forfeiture proceedings, "summary judgment will be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Specifically, once the moving party, in this case the government, discharges its initial burden of showing

an absence of evidence to support the non-moving party's case, the non-moving party, Slate, must specify facts proving the existence of a genuine issue of material fact relying upon affidavits, "depositions, answers to interrogatories, and admissions on file." Id. at 324 (quoting Fed. R. Civ. P. 56) (internal quotation marks omitted). All reasonable inferences must be drawn in the non-moving party's, Slate's, favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Property is subject to civil forfeiture when it was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a drug trafficking offense that is "punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). To obtain civil forfeiture, the government must establish by a preponderance of evidence "a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1) and (3). The government "may use both circumstantial evidence and hearsay," and the district court should evaluate the evidence presented with "a common sense view to the realities of normal life." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1440 (11th Cir. 1991) (internal citations and quotation marks omitted).

Slate argues that forfeiture is inappropriate in the instant case because the government failed to establish a substantial connection between the property and the crime committed. He also claims that the district court improperly relied on

4

Duralia's affidavit because it was hearsay and it states that the CS purchased drugs from Slate more than fifty times since 1995, but Slate did not own the property in question until 1998.

We find that the district court did not err in ruling that there was a substantial connection between the property and the offenses. We have previously found that one drug sale negotiated and one drug sale completed at a residence was sufficient to demonstrate a substantial connection between the residence and the drug trafficking offense for purposes of forfeiture. United States v. Cleckler, 270 F.3d 1331, 1334 (11th Cir. 2001) (applying pre-CAFRA burden of probable cause). Here, Slate was adjudicated guilty of numerous state violations relating to the drugs found during the seizure. Moreover, approximately 395 grams of cocaine and two pounds of marijuana were seized from the property subject to forfeiture and Slate admitted in a post-arrest statement that the drugs seized from his residence belonged to him and that he sold illegal narcotics. Accordingly, the record supports the district court's determination that there was no genuine issue of material fact that would have negated the showing of a substantial connection between the property and the offense, and that the district court did not err in granting the government's motion for summary judgment. See Celotex, 477 U.S.

at 322, 106 S.Ct. at 2552; Four Parcels of Real Property, 941 F.2d at 1438-39.[1]

As to Slate's challenge to Duralia's affidavit on hearsay grounds, we hold that there was no error to the extent that the district court based its determination on Duralia's affidavit that recounted allegations by the CS. Even if the statements were hearsay, the court was entitled to consider them. See Four Parcels of Real Property, 941 F.2d at 1440.

**AFFIRMED.**

---

[1] Because the sale and seizure of drugs and Slate's post-Miranda admissions occurred after Slate assumed ownership of the property, we deny his claim that the district court improperly relied on facts occurring before he assumed ownership.