[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2008
THOMAS K. KAHN
CLERK

No. 07-14269

_____

D. C. Docket No. 05-03014-CV-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$291,828.00 In United States Currency,
$97,621.44 Seized From Bank of America Account
No. XXXXXX6507 In the Name of Robert Braddy
Holdings, Inc., ASSORTED ELECTRONIC EQUIPMENT;
ASSORTED JEWELRY,

Defendants,

ROBERT L. BRADDY,
ROBERT BRADDY HOLDINGS, LLC,

Claimants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 31, 2008)**

Before EDMONDSON, Chief Judge, PRYOR, Circuit Judge, and JOHNSON,[*] District Judge.

PER CURIAM:

Robert L. Braddy appeals the district court's grant of summary judgment in favor of the government in an <u>in rem</u> civil forfeiture proceeding brought pursuant to 21 U.S.C. § 881(a)(7) against money, jewelry and electronic equipment seized from Braddy's home at 580 Rock Springs Court, Atlanta Georgia.

Sometime between 1:00 a.m. and 2:00 a.m., June 19, 2005, while out of town, Braddy was contacted by a representative of ADT Alarm and informed that his burglar alarm had been set off. He was asked by ADT if the police should be dispatched to his home to investigate a possible break-in and Braddy replied yes. Braddy then contacted Brett Boston, a long time acquaintance, and asked Boston to meet the police at Braddy's home. Braddy also informed Boston where to find an extra key for the home. Officer Gent arrived at Braddy's residence where he met Boston and made an initial sweep of the three story home. Gent had already called for back-up. When Officer Violette arrived at the scene, Gent and Violette made a second sweep through the property. During this second search, Gent saw two empty cereal boxes on the kitchen floor and an open ledger notebook with

[*]Honorable Inge P. Johnson, United States District Judge for the Northern District of Alabama, sitting by designation.

2

names and amounts of money with the word "owe" written beside each name. Gent also saw four unopened Hitachi plasma televisions in the garage.

Either between the first and second search, or after the second search, Gent learned there was an outstanding warrant for Boston's arrest for a probation violation on a prior marijuana conviction. Gent arrested Boston. In the process of Boston's arrest and moving Boston's car with his consent, Gent detected a strong odor of marijuana, as well as scales and a money counter in the back seat.

Gent informed Detective Ulbado Rios of his findings, and Rios swore out an affidavit based on Gent's findings and obtained a search warrant for Braddy's property. Upon execution of the warrant, numerous items were seized. The government filed a civil forfeiture complaint pursuant to 21 U.S.C. § 881(a)(6) in connection with the money, jewelry and electronic equipment seized from Braddy's home. In the district court, both parties moved for summary judgment and Braddy also moved to suppress the evidence seized from his home on the theory that the second search of his premises violated his Fourth Amendment rights. The district court granted summary judgment in favor of the government and against Braddy, holding that sufficient, independently-derived, evidence supported a finding that the government met its burden to prove that the seized property was subject to forfeiture as having been furnished in exchange for a

controlled substance or constituting proceeds from the same.

On appeal, the parties' arguments focus on whether there were exigent circumstances sufficient to justify the second sweep of the property without Braddy's consent and without a warrant. Braddy further argues that the warrant obtained after the second search is invalid because it was based on evidence from the second search. Braddy asserts that the government ultimately failed to meet its burden that the property should be forfeited as all evidence of illegal activity stemmed from the second search.

This court reviews a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). All reasonable inferences must be drawn in Braddy's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986).

Property is subject to civil forfeiture under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b),

4

when it was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a drug trafficking offense that is "punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). Additionally, 21 U.S.C.A. § 881(a)(6), specifies the following property is subject to forfeiture:

> All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this chapter.

21 U.S.C.A. § 881(a)(6).

To obtain civil forfeiture, the government must establish by a preponderance of evidence "a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1) and (3). The government "may use both circumstantial evidence and hearsay," and the district court should evaluate the evidence presented with "a common sense view to the realities of normal life." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1440 (11th Cir.1991) (internal citations and quotation marks omitted). The government may also use evidence gathered after the filing of the complaint for forfeiture to meet its burden. 18 U.S.C. § 983(c)(2).

The manner in which the seizure occurred and the validity of the warrant obtained are at issue in this appeal. Section 981(b) of Title 18, provides that

5

seizures must be made pursuant to a warrant or, if made without a warrant, at the time of the seizure there must be probable cause to believe the property is subject to forfeiture and the seizure must be made pursuant to a lawful arrest or search or pursuant to some other exception to the Fourth Amendment warrant requirement.[1] 18 U.S.C.A. § 981(b)(2)(B).  Section 981(b) also allows for seizure without a warrant if "the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency." 18 U.S.C.A. § 981(b)(2)(C).  The Fourth Amendment exclusionary rule applies to civil forfeiture actions.  One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 702, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965).  However, even if evidence is subject to suppression, the government may obtain forfeiture based on other independent evidence.  Id.

Searches inside a residence without a warrant are presumptively unreasonable, absent either probable cause or exigent circumstances.  United States v. Santa, 236 F.3d 662, 668 (11th Cir. 2000).  "The exigent circumstances exception to the requirement recognizes a warrantless entry by criminal law enforcement officials may be legal when there is a compelling need for official action and no time to secure a warrant."  Bashir v. Rockdale County, 445 F.3d

---

[1]There is no evidence that anything was *seized* from Braddy's home prior to Gent obtaining a warrant.

1323, 1328 (11th Cir. 2006). The exception applies only if the police reasonably believe that an emergency situation justified warrantless action. United States v. Holloway, 290 F.3d 1331, 1337 (11th Cir. 2002). A second exception

> [t]o the Fourth Amendment rule ordinarily prohibiting the warrantless entry of a person's house as unreasonable per se, Payton v. New York, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Coolidge v. New Hampshire, 403 U.S. 443, 454-455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) .... [is] the validity of searches with the voluntary consent of an individual possessing authority, Rodriguez, 497 U.S., at 181, 110 S.Ct. 2793. That person might be the householder against whom evidence is sought, Schneckloth v. Bustamonte, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)....

Georgia v. Randolph, 547 U.S. 103, 109, 126 S.Ct. 1515, 1520 (2006).

Both before the district court and here, Braddy contends that Gent's and Violette's second protective sweep of the property was not within the exigent circumstances exception to the need for a warrant. The parties agree that the open cereal boxes and ledger were not observed by Gent prior to the second sweep. The evidence established that the search warrant was procured based on these and other observations made during the second sweep.

The constitutional validity of a warrantless search is pre-eminently the sort of question which can only be decided in the concrete factual context of the individual case. Sibron v. New York, 392 U.S. 40, 59, 88 S.Ct. 1889, 1901, 20

7

L.Ed.2d 917, 932 (1968).  Here, Officer Gent knew he was called to a residence in the middle of the night because a burglar alarm had sounded.  He knew the home owner had requested the police to investigate the possible burglary.  Prior to the arrival of Violette, Gent took a "quick walk" through the residence.   Once a second officer arrived, the officers together made a second sweep of the property, a multi-storied apartment, again to look for an intruder.  A fairly perceived need to act on the spot to preserve evidence may justify entry and search under the exigent circumstances exception to the warrant requirement.  Georgia v. Randolph, 547 U.S. 103, 117, 126 S.Ct. 1515, 1525 n. 6 (U.S.2006), citing cf. Schmerber v. California, 384 U.S. 757, 770-771, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).  There is no evidence nor argument that during this second sweep the officers looked in any place other than where a person could be found.

Braddy's entire theory of unlawful search rests on the fact that Gent walked outside after the "quick walk" through and then, with a second officer, re-entered the premises to make sure there was no intruder present.  Braddy does not dispute that he requested a police officer be sent to his home for this very purpose.[1]

---

[1]A request by a property owner to the police to search a home for a burglar may, in and of itself create "exigent circumstances."  Requests by the property owner of the police to investigate a burglar alarm could also be considered "consent" for the search of the home.  However we do not reach the issue of consent to the search as it was not argued to the District Court nor raised in briefs to this court.

However, Braddy seemingly wants this court to adopt a bright line as to how thoroughly officers may look for an intruder under these circumstances. Under Braddy's arguments, had Gent waited just inside the "kicked in" back door, exigent circumstances would still be in place. Similarly, had Gent heard and/or seen an intruder and walked outside to make sure he had back-up before attempting an arrest, exigent circumstances would no longer exist and he would have had to wait for a warrant to reenter the home. The court cannot draw such a bright line for when exigent circumstances cease to exist.

Given the unique and unusual facts of this case, we find that the exigent circumstances exception to the Fourth Amendment did not instantaneously cease upon Gent walking outside.

When reviewing a grant of summary judgment, the court of appeals may affirm if there exists any adequate grounds for doing so, regardless of whether it is the one on which the district court relied. Smith v. Allen, 502 F.3d 1255, 1265 (11th Cir.2007); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993) (citations omitted). The district court here noted that Braddy argued that the second sweep of the property did not fall within the exigent circumstances, but did not reach that issue. Rather, the district court found that whether or not exigent circumstances existed as of the second search, the government had adequate

9

independently-derived evidence to meet its burden.

Because we find that exigent circumstances existed, and therefore the evidence obtained after the search warrant issued was admissible, the rulings of the district court, granting judgment in favor of the appellee, and entering the Order of Forfeiture, are

**AFFIRMED**.