[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11260

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LISA BIRD,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 3:16-cv-00020-DHB-BKE

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Lisa Bird, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the United States in its civil forfeiture action. Bird argues that the district court erred by applying the wrong summary judgment standard and by finding that there were no genuine issues of material fact that the property at issue was subject to forfeiture. Additionally, Bird argues that the district court erred in finding that she was not an innocent owner of the property. After review, we affirm the district court.

I.

We presume familiarity with the factual and procedural history of this case and describe it below only to the extent necessary to address the issues raised in this appeal.

In April of 2016, the government brought a civil forfeiture action against certain financial accounts and real property it alleged were connected to Dr. George Mack Bird, III's illegal distribution of controlled substances. The government alleged that between 1998 and 2015, Dr. Bird and his employees prescribed and dispensed controlled substances without a legitimate medical purpose. The civil forfeiture proceeding was then stayed until the conclusion of Dr. Bird's related criminal case.

Dr. Bird eventually pleaded guilty in the criminal case. As part of the plea agreement, the government filed an information

charging Dr. Bird with one count of conspiracy to distribute and dispense controlled substances in violation of 21 U.S.C. § 846, and one count of conspiracy in violation of 18 U.S.C. § 371. The information also contained a forfeiture allegation that included the same property involved in the civil forfeiture proceeding. Dr. Bird pleaded guilty to both conspiracy counts and agreed to forfeit his interest in all the property included in the forfeiture allegation. He admitted that the defendant property "constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offenses to which he has agreed to plead guilty." The district court accepted Dr. Bird's guilty plea in the criminal case and ordered the property forfeited.

A few days before Dr. Bird pleaded guilty, his ex-wife, Lisa Bird, had filed a claim in the civil forfeiture case asserting an interest in the defendant property. She claimed that she had an equitable interest in the assets under Georgia marital law, based on a divorce that was finalized in June of 2017.

When the district court lifted its stay of the civil forfeiture case, the government filed a motion for summary judgment. In its motion, the government argued that the defendant property was subject to forfeiture under 18 U.S.C. § 881(a)(6), and that Bird lacked a valid interest in the property. Bird responded that the government had failed to show a nexus between Dr. Bird's criminal activity and the property. She also argued that she was an innocent owner of the property, having acquired a lawful interest in the

property through the divorce decree before the conduct giving rise to the forfeiture.

The district court granted the government's motion for summary judgment. The district court found that the government had shown by a preponderance of the evidence that the assets were derived from or traceable to Dr. Bird's illegal drug activity. As to Bird's claim to the property, it held that she lacked an ownership interest in the property, and that her divorce decree did not establish an ownership interest unless and until the government released the assets from forfeiture. Bird appealed.

## II.

We review a district court order granting summary judgment *de novo* and view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party. *Battle v. Bd. of Regents.*, 468 F.3d 755, 759 (11th Cir. 2006). A district court may grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018). If shown, the burden shifts to the nonmoving party to show that a genuine issue of fact exists. *Id.* An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

## III.

On appeal, Bird argues first that the district court applied the wrong summary judgment standard, leading it to erroneously conclude that there were no genuine disputes of material fact as to whether the property was subject to forfeiture. She then argues that the district court erred in rejecting her innocent owner defense. For the reasons given below, we affirm the district court.

The Controlled Substances Act provides for the civil forfeiture of money and other things of value "furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6). The government must establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). We look at the "totality of the circumstances" to determine whether the government has met its burden. *United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1506 (11th Cir. 1993). The government may rely on circumstantial evidence, hearsay, and evidence gathered after it filed the civil forfeiture complaint to meet its burden. *United States v. $291,828.00 in U.S. Currency*, 536 F.3d 1234, 1237 (11th Cir. 2008). Additionally, the government is not required to produce evidence connecting the money to a particular narcotics transaction. *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (en banc). It need only show that the money was "related to some illegal drug transaction." *Id.* If the government successfully carries its burden, the burden shifts to the claimant to either rebut the government's

evidence or show by a preponderance of the evidence that some other defense to the forfeiture applies. 18 U.S.C. § 983(d)(1).

Bird argues that the district court erred by applying the wrong standard, by which she means that the court ignored genuine disputes of material fact. We disagree. The district court applied the correct summary judgment standard for a civil forfeiture case, inquiring whether there were "genuine issues of material fact" as to whether the government had shown, "by a preponderance of the evidence, that the property is subject to forfeiture." It determined that the government had carried its burden and that there were none. The burden then shifted to Bird to show, by a preponderance of the evidence, that a forfeiture defense applied or that the property is not otherwise subject to forfeiture. The court found that Bird "presented no competent evidence to counter the Government's proof that the Defendant assets were the result of illegal drug transactions." Even now, Bird does not point to any specific evidence in the record rebutting the government's evidence. She complains that the government "did not identify any proceeds tracing analysis." But the government was not required to connect the property to a specific drug transaction—it need only show "that the property was related to some illegal drug transaction." *$242,484.00*, 389 F.3d at 1160. It proved the connection with, among other things, Dr. Bird's admission that all forfeited property constituted, or was derived from, proceeds he obtained through his controlled-substance offenses.

Bird then argues that the district court erred in rejecting her innocent owner defense. She contends that because she acquired her interest in the property "prior to the completion of any conduct that may have given rise to its forfeiture" and lacked knowledge of Dr. Bird's criminal conduct, she qualifies as an innocent owner. Again, we disagree. To qualify as an innocent owner, a claimant must first show that she is an owner. Bird fails to make that showing. Dr. Bird admitted that the forfeited assets were *proceeds* from his criminal conduct giving rise to the forfeiture. Because the proceeds did not exist until Dr. Bird engaged in the criminal conduct that generated them, Lisa Bird necessarily could not have held an interest in them prior to the conduct giving rise to the forfeiture. And at that point, only the government had a legitimate interest in the defendant property. *See* 18 U.S.C. § 983(d)(4) (stating that "no person may assert an ownership interest under this subsection in contraband or other property that is illegal to possess").

Even were this not the case, Bird's argument that her divorce decree granted her an ownership interest in the property fails. The decree provides her an interest only if the government releases the assets from forfeiture, which, as evidenced by this action, it has not yet done.

**AFFIRMED.**