[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11262

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

$77,246.00 IN UNITED STATES CURRENCY,

Defendant,

D'LIVRO LEMAT BEAUCHAMP,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-01069-RAH-CWB

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Claimant-Appellant D'livro Beauchamp appeals the district court's grant of summary judgment for the government in an *in rem* civil forfeiture proceeding brought pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) against currency ($77,246.00) seized from Beauchamp's office in his medical practice. After careful review, we affirm.

**I.**

Starting from at least June 2013, Beauchamp wrote illegal prescriptions for co-conspirators and others in exchange for money—$350 per prescription. The conspiracy continued until about April 2020. In February 2020, the Drug Enforcement Administration (DEA) began investigating Beauchamp when the DEA learned that he shared patients and employees with other doctors under investigation.

In July 2020, law enforcement executed a search warrant of Beauchamp's medical practice. Officials seized several boxes of medical files, computers, firearms, and $77,246.00 in currency. The

currency was found in a desk drawer and cardboard box in Beauchamp's personal office, which only Beauchamp had access to. The currency was divided into many envelopes labeled with names of either unknown people or of patients—people he never saw but pretended were his patients and wrote prescriptions for—provided by his co-conspirators. Beauchamp explained that his co-conspirators would come to the medical practice to pick up the prescriptions.

In July 2020, the government filed a federal criminal information against Beauchamp for distribution of Schedule II narcotics, in violation of 21 U.S.C. § 841(a)(1). In October 2020, Beauchamp agreed to plead guilty and admits to his participation in a narcotics distribution conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Relating to forfeiture, the plea agreement said

> The defendant agrees to pay the $100 assessment fee on the date of sentencing. Beauchamp acknowledges that this plea agreement does not contain any agreement as to criminal forfeiture. Beauchamp understands that the government may seek to obtain or permanently retain, through civil or criminal forfeiture proceedings, any property used in the course of the commission of the offense or obtained through the proceeds of the offense.

At the change of plea hearing, the district court asked about the forfeiture, and Beauchamp's attorney explained that it would be addressed separately from the criminal case but was "going to travel the way of a civil forfeiture." The district court confirmed

that Beauchamp understood that the forfeiture allegation remained.

In December 2020, the government filed a Verified Complaint for Forfeiture *in rem* as to the currency. Beauchamp responded and denied the allegations. The parties filed cross-motions for summary judgment. The district court granted the government's motion, finding that the government established by a preponderance of the evidence that the currency should be forfeited and denied Beauchamp's motion. Beauchamp timely appealed.

## II.

We review the district court's order granting summary judgment de novo. *See United States v. $291,828.00 in U.S. Currency*, 536 F.3d 1234, 1236 (11th Cir. 2008) (per curiam). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Property is subject to civil forfeiture under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b), when it was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a drug trafficking offense that is "punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). The statute also specifies the following property is subject to forfeiture:

> All moneys . . . furnished or intended to be furnished
> by any person in exchange for a controlled substance

or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

Most of Beauchamp's arguments on appeal relate to what he characterizes as the government breaching his plea agreement from his criminal case by seeking civil forfeiture of the currency and the arguments the government made to support the civil forfeiture. Beauchamp's arguments are misplaced. As the district court correctly noted, criminal forfeiture is different than civil forfeiture proceedings. For criminal forfeiture, a conviction is necessary because that is an *in personam* action against the defendant. 21 U.S.C. § 853. By contrast, because a civil forfeiture proceeding is an *in rem* action against the property, there is no need for a criminal conviction. *See* 21 U.S.C. § 881(a)(6); *see also One Lot Emerald Cut Stones & One Ring v. United States*, 409 U.S. 232, 235 (1972) (per curiam) (holding that a criminal acquittal does not prevent a later civil forfeiture proceeding based on the same conduct). So Beauchamp's plea agreement is irrelevant to the civil forfeiture proceedings and there is nothing in Beauchamp's plea agreement that hinders the government's ability to move forward in the civil forfeiture proceedings.

Then, Beauchamp argues that the government failed to show the property is subject to forfeiture.[1]

Under CAFRA, the government must establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). We look at the "totality of the circumstances" when determining whether the government met its burden. *United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1506 (11th Cir. 1993). The government "may use both circumstantial evidence and hearsay," along with any "evidence gathered after the filing of the complaint for forfeiture to meet its burden." *$291,828.00 in U.S. Currency*, 536 F.3d at 1237. The government "does not need to show a relationship between the property and a particular drug transaction—only that the property was related to some illegal drug transaction." *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (en banc).

---

[1] Most of Beauchamp's arguments about the forfeiture of the $77,246.00 focuses around the government's failure to show probable cause to forfeit the property. But in 2000, Congress passed CAFRA which overhauled procedures for federal civil forfeiture actions initiated after August 23, 2000. Before CAFRA, the government had to show that there was probable cause to believe that the seized property was connected to a drug transaction before changing it to a preponderance of the evidence standard. *See United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (en banc). Despite Beauchamp's use of probable cause standard in his arguments, the government is held to the preponderance of evidence standard, which is higher than probable cause. *United States v. Phillips*, 834 F.3d 1176, 1181 (11th Cir. 2016). And as we discuss, the government has met that standard.

Once the government meets its burden, the burden shifts to the claimant to prove by a preponderance of evidence, either a defense to the forfeiture or that the property is not otherwise subject to forfeiture. 18 U.S.C. § 983(d); *United States v. Cleckler*, 270 F.3d 1331, 1334 (11th Cir. 2001) (per curiam). The claimant may satisfy its burden either by refuting the government's evidence or by producing evidence that demonstrates the claimant is an innocent owner. 18 U.S.C. § 983(c), (d); *Cleckler*, 270 F.3d at 1334.

Below, the district court identified these factors that supported forfeitability:

> (1) Beauchamp pleaded guilty to the underlying criminal drug conspiracy; (2) the subject currency is an unusually large amount of cash; (3) the currency was stored in an unorthodox manner with lists of co-conspirators; (4) the currency was found in a location where conspiracy-associated activity took place; and (5) the currency was in the presence of firearms and bump stocks.

*United States v. $77,246.00 in U.S. Currency*, 719 F. Supp. 3d 1226, 1233 (M.D. Ala. 2024).

We agree with the district court that the government met its initial burden to show that the currency (which was found in Beauchamp's medical office to which only he had access) was related to the illegal drug activity. Beauchamp's own testimony in a co-conspirator's trial about how he received names from those conspirators to write illegal prescriptions and the photographs of the search of his office, showing the currency kept in an unorthodox

manner—a cardboard box—establish by at least a preponderance of evidence that the currency is subject to forfeiture. We have noted that "[a] common sense reality of everyday life is that legitimate businesses do not transport large quantities of cash rubber-banded into bundles and stuffed in packages in a backpack." *See $242,484.00*, 389 F.3d at 1161.

The government also introduced two lists that were found in the search of Beauchamp's office. One list contained only initials which Beauchamp told the government was how he kept track of who would be getting prescriptions that day once he received that information from his co-conspirators. Another list contained the names and birthdates of patients that the government had identified as part of the drug conspiracy. Taken together, a commonsense view of this evidence shows that the currency was related to drug trafficking activity. *See $291,828.00*, 536 F.3d at 1237.

Beauchamp also failed to meet his burden to show that the currency was not subject to forfeiture. Beauchamp argues that he provided evidence that the currency came from a legitimate source, his medical practice.[2] But Beauchamp does not engage with the district court's determination that he commingled money from legitimate sources with money from the illegal drug activity. We have held that "when a claimant to a forfeiture action has actual knowledge, at any time prior to the initiation of the forfeiture proceeding, that claimant's legitimate funds are commingled with

---

[2] Beauchamp does not make any argument nor did he introduce any evidence of innocent ownership of the currency.

24-11262                Opinion of the Court                9

drug proceeds, traceable in accord with the forfeiture statute, the legitimate funds are subject to forfeiture." *United States v. One Single Fam. Residence Located at 15603 85th Ave. N., Lake Park, Palm Beach Cnty.*, 933 F.2d 976, 982 (11th Cir. 1991).

Thus, the district court's grant of summary judgment for the government in an *in rem* civil forfeiture proceeding is affirmed.

**AFFIRMED.**